UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.S.C.R.,<br><br>       Petitioner,<br><br>v.<br><br>TODD LYONS, et al.,<br><br>       Respondents. | No. 1:26-cv-00594-DJC-EFB<br><br><br>ORDER |

  Petitioner M.S.C.R. is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus (Pet. (ECF No. 1)) and Motion for Temporary Restraining Order (Mot. (ECF No. 7)). Petitioner seeks release from the custody of Immigration and Customs Enforcement ("ICE"). For the reasons stated below, the Court denies the Motion for Temporary Restraining Order.

  Petitioner was removed from the United States on two prior occasions. (Pet. ¶ 27.) His most recent entry was in 2020. (*Id.* ¶ 29.) In 2023, after release from a criminal sentence, Petitioner's removal order was reinstated and Petitioner was placed in withholding-only proceedings. (*Id.* ¶ 31; Opp'n (ECF No. 10) at 2.) Petitioner's withholding-only proceedings remain pending. (Mot. at 8.) Petitioner has been in ICE custody for twenty-nine months. (Pet. ¶ 38.)

Respondents incorrectly assert that Petitioner is subject to mandatory detention under 8 U.S.C. §§ 1231(a)(2)(A) and (a)(5).[1]  Section 1231(a)(2)(A) does mandate detention for any noncitizen "who has been found inadmissible under section 1182(a)(2) or 1182(a)(3)(B) of this title or deportable under section 1227(a)(2) or 1227(a)(4)(B) of this title."  However, this notably only applies "during the removal period" which section 1231(a)(1) defines as lasting 90 days from the final order of removal.  Petitioner has been detained well past this 90-day removal period and thus is not subject to mandatory detention under subsection (a)(2)(A).  Section 1231(a)(5) does not appear to mandate detention in any situation, and Respondents do not cite any authority that holds that it does.  That subsection provides for the reinstatement of prior removal orders and provides for the withholding-only proceedings Petitioner is presently engaged in.  It does not state that Petitioner must remain detained during these proceedings.

However, Respondents also assert that Petitioner is subject to detention under section 1231(a)(6).  That subsection permits detention beyond the removal period if the individual "is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or . . . has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal."  8 U.S.C. § 1231(a)(6).  Respondents note that Petitioner has received custody reviews where Petitioner was determined to be a risk of flight and danger to the community.  (Opp'n at 5–6.)

The fact that the government has determined that Petitioner is a flight risk or danger does not necessarily mean that Petitioner's detention is permissible under section 1231(a)(6).  As found by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001), via the canon of constitutional avoidance there is "an implicit limitation" on

---

[1] Respondents also assert that Petitioner is subject to detention under 8 U.S.C. § 1225(b).  (Opp'n at 4.)  However, given it is undisputed that Petitioner is subject to a final removal order and thus subject to 8 U.S.C. § 1231 (*see* Pet. ¶ 3), the Court need not address this argument.

section 1231(a)(6) that "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Id.* at 689. Thus, a detainee is entitled to release if they can provide good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future and the Government fails to present evidence rebutting that showing. *Id.* at 701.

In the Reply, Petitioner raises for the first time the argument that Petitioner's removal is not reasonably foreseeable and that *Zadvydas* mandates release. (*See* Reply (ECF No. 11) at 1–3.) As such, these arguments are not properly raised in Petitioner's current Petition and Motion. Petitioner's Motion must thus be denied on this basis alone.

Even considering the new arguments raised in the Reply, the Court cannot presently find that Petitioner has met his initial burden under *Zadvydas*. The length of Petitioner's detention is quite long and, as such, the showing of whether removal is reasonably foreseeable must "shrink." *Zadvydas*, 533 U.S. at 701 ("[F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink."). Nevertheless, Petitioner remains detained in part due to his ongoing withholding proceedings. Petitioner asserts that these proceedings are not near concluded "due to a series of delays beyond his control[.]" (Reply at 5.) Certainly, it appears Petitioner's proceedings have been subject to substantial delay. (*See* Boyer Decl. (ECF No. 7-2) ¶ 2.) But appears that these proceedings are ongoing while Petitioner presents witnesses and evidence in support of withholding of removal. (*See e.g.*, *id.* ¶ 2.x–z.) Petitioner has not presented any good reason to believe that the Government will be unable to remove Petitioner at the conclusion of the withholding proceedings, regardless of their result. As such, even considering the argument presented in the Reply brief, the Court cannot find that Petitioner has met his burden at this time.

1    Accordingly, IT IS HEREBY ORDERED that Petitioner's Motion for Temporary
Restraining Order (ECF No. 1) is DENIED.  The parties are directed to meet and confer and file a joint status report within fourteen (14) days to propose a schedule for this action.

IT IS SO ORDERED.

Dated:  **March 4, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE