UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

M.S.C.R.,

Petitioner,

v.

TODD LYONS, et al.,

Respondents.

No. 1:26-cv-00594-DJC-EFB

ORDER

Before the Court is Petitioner M.S.C.R.'s First Amended Petitioner for a Writ of Habeas Corpus (ECF No. 15).  This Court previously denied Petitioner's Motion for a Temporary Restraining Order (Order (ECF No. 13)), and Petitioner filed an Amended Petition thereafter.  For the reasons stated below, M.S.C.R.'s First Amended Petition is granted.

Petitioner seeks release from the custody of Immigration and Customs Enforcement ("ICE").  Petitioner was removed from the United States on two prior occasions.  (Pet. (ECF No. 1) ¶ 27.)  His most recent entry was in 2020.  (*Id.* ¶ 29.)  In 2023, after release from a criminal sentence, Petitioner's removal order was reinstated.  (FAP (ECF No. 15) ¶ 70.)  Petitioner was placed in withholding-only proceedings after passing a Reasonable Fear Interview.  (*Id.* ¶ 44.)  Through these proceedings, Petitioner seeks withholding of removal to El Salvador based on a fear of persecution

1

and torture.  (*Id.* ¶ 74.)  These proceedings remain pending.  (*Id.* ¶ 6.)  Petitioner has also filed a motion to reopen his removal order on the grounds that his criminal convictions were vacated due to ineffective assistance of counsel.  (ECF No. 16 at 2.)  An Immigration Judge denied this motion and Petitioner's appeal to the Board of Immigration Appeals is now pending.  (*Id.* at 3.)  To date, Petitioner has been in ICE custody for thirty-two months.  (FAP ¶ 5.)  Throughout this time, Petitioner received only one bond hearing in May 2024.  (*Id.* ¶ 2.)

This Court previously determined, and the parties now agree (*see id.* ¶ 69; ECF No. 16 at 5), that Petitioner is detained pursuant to 8 U.S.C. § 1231(a), which permits the detention of a noncitizen subject to a final order of removal beyond the removal period if the individual "is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or . . . has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal." 8 U.S.C. § 1231(a)(6).

However, as this Court previously explained (*see* Order at 2–3), the Supreme Court has found an "implicit limitation" on section 1231(a)(6) that limits a noncitizen's "post-removal-period detention to a period reasonably necessary to bring about that [noncitizen's] removal from the United States." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001).  If a detainee has been detained for longer than six months, they are entitled to release if they can provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" and the Government fails to "respond with evidence sufficient to rebut that showing." *Id.* at 701.

"Good reason to believe does not place a burden upon the detainee to demonstrate no reasonably foreseeable, significant likelihood of removal or show that his detention is indefinite; it is something less than that." *Liu v. Casey*, No. 26-cv-00720-LL-DEB, 2026 WL 482863, at *5 (S.D. Cal. Feb. 20, 2026) (internal quotation marks omitted).  However, Petitioner must at least supply more than "conclusory statements suggesting that he will not be removed." *Id.* (internal quotation marks

2

omitted).  Further, as Petitioner has been detained for over twenty-eight months beyond the removal period (FAP ¶ 71), "what counts as the 'reasonably foreseeable future' . . . shrink[s]."  *Zadvydas*, 533 U.S. at 702.

Petitioner's First Amended Petition shows his removal is not reasonably foreseeable.  USCIS has found Petitioner has a reasonable fear of persecution or torture, permitting his presently pending applications for withholding of removal and protection under the Convention Against Torture.  (FAP ¶¶ 91, 103; Boyer Decl. (ECF No. 15-1) ¶ 2-a.)  "A pending application in which a petitioner has requested withholding of removal supports a finding that there is not a significant likelihood of removal in the reasonably foreseeable future."  *Rodriguez v. Warden, Golden State Annex Det. Facility*, No. 1:26-cv-00694-DAD-CKD, 2026 WL 770527, at *3 (E.D. Cal. Mar. 18, 2026) (collecting cases).  As Petitioner's proceedings before the Immigration Judge are ongoing, Petitioner has shown there is not a significant likelihood that he will be removed in the reasonably foreseeable future.  *See id.* (holding petitioner met this burden because there was "ongoing litigation before the assigned immigration judge related to petitioner's withholding of removal claim"); *see also Asfestani v. Current or Acting Field Off.*, No. 1:25-cv-01562-SCR, 2025 WL 3677321, at *5 (E.D. Cal. Dec. 18, 2025) (finding existence of a pending application for withholding of removal "contributes to the showing that there is good reason to believe that there is no significant likelihood of petitioner's removal in the reasonably foreseeable future").

Respondents attempt to rebut this showing solely by highlighting that "many similarly situated citizens from El Salvador have been successfully removed to their native country" and that "[o]nce Petitioner's immigration case is complete, the same can be accomplished for him forthwith."  (Opp'n at 1–2.)  However, the fact that El Salvador would accept Petitioner upon the conclusion of the current proceedings offers no indication as to when such proceedings will conclude.  Thus, Respondents have not shown a significant likelihood that Petitioner will be removed in the reasonably foreseeable future.

While "the remedy for a successful *Zadvydas* claim is generally release of the habeas petitioner under conditions of supervision," *L.R. v. Noem*, No. 2:25-cv-02019-RFB-BNW, 2026 WL 161605, at *12 (D. Nev. Jan. 21, 2026), the Court finds a bond hearing appropriate here given Petitioner's recent criminal history, *see Sarfarzi-Esfahari v. Murray*, No. 1:25-cv-00774-JLT-EPG, 2026 WL 523668, at *1 (E.D. Cal. Feb. 25, 2026).

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1.  The First Amended Petition for Writ of Habeas Corpus (ECF No. 15) is GRANTED as to the first cause of action.[1]

2.  Within fourteen (14) days of this Order, Petitioner shall be afforded a constitutionally adequate bond hearing before an Immigration Judge. At this hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have counsel present.[2]  In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the Immigration Judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez*, 872 F.3d at 1000.

////

////

////

---

[1] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

[2] This burden of proof has been regularly applied by courts reviewing similar cases, and the Court adopts the views of those courts here.  *See, e.g.*, *Pablo Sequen v. Albarran*, 806 F.Supp.3d 1069, 1092 (N.D. Cal. 2025); *Martinez Hernandez v. Andrews*, No. 1:25-cv-01035-JLT-HBK, 2025 WL 2495767, at *13–14 (E.D. Cal. Aug. 28, 2025); *Castellon v. Kaiser*, No. 1:25-cv-00968-JLT-EPG. 2025 WL 2373425, at *11–12 (E.D. Cal. Aug. 14, 2025).

3.  The Clerk of the Court is directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **May 28, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC7 – M.S.C.R.26cv00594.merits